```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMILITTE PENA, an infant by her
father and natural guardian, JOSE PENA,        FINDINGS OF FACT AND
and JOSE PENA, individually, and               CONCLUSIONS OF LAW
GABINA JIMENEZ,
                                               CV-03-2045
                Plaintiffs,                    (Wexler, J.)

        -against-

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------------------------------X
```

APPEARANCES:

    BAUMAN & KUNKIS, P.C.
    BY: BRIAN O'CONNOR, ESQ
    Attorneys for Plaintiff
    225 West 34th Street, Suite 2208
    New York, New York  10122

    ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY
    BY: KEVAN CLEARY, ASSISTANT UNITED STATES ATTORNEY
    Attorney for Defendant
    1 Pierrepont Plaza, 14th Floor
    Brooklyn, New York  11201

WEXLER, District Judge

Plaintiffs bring this action against the United States to recover damages for injuries allegedly sustained in an automobile accident. The action was tried before this Court, and the following are the Court's findings of fact and conclusions of law.

## FINDINGS OF FACT

On July 29, 2002, plaintiff Gabina Jimenez ("Jimenez"), her eight-year-old daughter, Jamilitte Pena ("Jamilitte"), and her teenage son, Ricky Pena ("Ricky"), were involved in a collision with a United States Postal Service ("USPS") vehicle (the "postal vehicle") at the intersection of Radcliff Street and Studley Street in Brentwood, New York. Jimenez was driving the minivan at the time of the accident. Jamilitte was sitting in the second row driver's side seat, and Ricky was sitting in the right front passenger seat. Jimenez testified that the postal vehicle was proceeding on Radcliff toward the intersection with Studley, while her minivan was proceeding on Studley toward the same intersection. Radcliff was controlled by a stop sign where it intersects with Studley. Jimenez testified that she first saw the postal vehicle when it was on Radcliff, 20 feet from the intersection with Studley. Jimenez testified that the postal vehicle failed to stop on Radcliff before entering the intersection with Studley. She then "moved to the left," Transcript ("Tr.") at 10, but the two vehicles collided in the intersection. Following the impact, both vehicles ended up facing in the same direction and the minivan sustained damage on the right side toward the front.

Ricky, who is not a party to this action, testified that he was riding in the front passenger seat in the minivan at the time of the accident. He claims that he saw the USPS driver "talking on the cell phone, and then the next thing I know, we crashed." Tr. 39. He maintains that he first saw the postal vehicle when it was on Radcliff, 10 feet from the intersection with Studley, and that it did not stop before the accident.

Abelina Duque ("Duque"), who lives at 132 Studley Street, two houses from the intersection with Radcliff, testified that she first saw the postal vehicle while it was parked on Radcliff near the stop sign. She testified that the postal vehicle had been parked on the "wrong side" of the street. Tr. 62. When asked by the Court if the postal vehicle "was coming from [plaintiff's] right hand side" and "what kind of turn is this for the mail truck . . . a right or left?" Duque responded that she did not know. Tr. 61. In describing the accident, she testified that "[w]hen this car came out, the lady was coming and he dragged her, and they ended up standing on the side of the road. It was a very strong impact." Tr. 62. On cross-examination, she testified that she did not see the minivan prior to impact, but only "when the post office truck dragged her up front." Tr. 70.

Thomas J. Tullo ("Tullo"), a USPS letter carrier, was driving the postal vehicle in the course of his duties delivering mail on July 29, 2002. The parties do not dispute that Tullo was an employee of the USPS working within the scope of his employment at the time of the accident. Tullo testified that he was proceeding on Studley toward the intersection with Radcliff immediately before the accident occurred. He testified that he looked in his left side mirror and saw Jimenez's minivan traveling in the same direction as his postal vehicle about 20 to 30 feet behind him. He activated the left directional signal on the postal vehicle because he intended to make a left turn onto Radcliff to make a mail delivery. As he began to make the left turn onto Radcliff, Jimenez's minivan struck the left side of the postal vehicle causing damage to the postal vehicle's front left

door and damage to the minivan's right front fender. Immediately after the accident, Tullo used his cell phone to call his supervisor at the Brentwood Post Office, Frank Capozzoli, Jr. ("Capozzoli"), to report the accident. Tullo testified that he did not use his cell phone while driving.

Capozzoli testified that he was called by Tullo immediately after the accident and that he went to the accident scene. Capozzoli testified that there were a total of 38 trucks covering 35 routes in Brentwood during that time. He explained that on the day of the accident, three or four postal trucks would have been in the area of the intersection of Studley and Radcliff delivering mail.

Dr. Jeffrey Ketchman, Ph.D., a licensed engineer and accident reconstruction expert, testified for defendant. Dr. Ketchman opined that the accident could not have occurred with the postal vehicle driving straight across Radcliff through a stop sign. Rather, he opined that the accident occurred when the postal vehicle was turning left onto Radcliff as it proceeded on Studley, in the same direction as the minivan. Dr. Ketchman based his opinion on the tire marks on the roadway, the repositioning of the two vehicles, and the damage patterns on the two vehicles. According to Dr. Ketchman, the tire mark patterns on the road surface were not braking marks but were made by side scuffing and pressure on the tires of the vehicles. The marks led to a repositioning of the vehicles that was consistent with the postal vehicle being impacted on the left side as it was starting to turn. The front wheels were pushed sideways from the impact, leaving scuff marks that were spaced consistent with the width of that vehicle's tires. The marks had a "wiggle"

4

in the middle, also consistent with a sideways impact. Tr. 170. Dr. Ketchman opined that had the truck been impacted from the side as plaintiffs' claim, the scuff marks would have been different than those captured in the photos introduced at trial. As for the damage to the vehicles, the impact on the postal vehicle warped its sheet metal on the left side door from the rear to the front, pushing the door forward and bending it inward. Dr. Ketchman explained that this damage is consistent with the postal vehicle being overtaken at a slight angle. He reasoned that, if the postal vehicle had been on Radcliff, the impact would have been closer to a 90-degree angle, causing the postal vehicle door to be pushed straight in and backward as the postal vehicle moved across the front of the minivan from the right toward the left (from Jimenez's perspective).

The Court finds that the evidence supports defendant's version of the accident. Contrary to Jimenez's claim that Tullo ignored the stop sign at Radcliff, the physical evidence supports Tullo's testimony that both vehicles were proceeding in the same direction on Studley when the accident occurred. It appears that Jimenez's minivan was behind the postal vehicle until she tried to pass the postal vehicle on the left as the postal vehicle began making a left turn onto Radcliff.

## DISCUSSION AND CONCLUSIONS OF LAW

This action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. Under the FTCA, the liability of the United States to a plaintiff for negligence is determined "in accordance with the law of the place where the act or

5

omission occurred." 28 U.S.C. § 1346(b). The parties agree that New York law governs this action.

To establish negligence under New York law, a plaintiff must establish that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of the breach. See Thomas v. County of Putnam, 262 F. Supp. 2d 241, 251 (S.D.N.Y. 2003); Solomon v. City of New York, 66 N.Y.2d 1026, 1027 (1985).

Plaintiffs have not met their burden of proving by a preponderance of the evidence that the accident was caused in whole or in part by Tullo's negligence. The evidence supports defendant's contention that the postal vehicle was struck on the front left side by the minivan as the postal vehicle began making a left turn onto Radcliff, and not as a result of Tullo running a stop sign on Radcliff.[1]

## CONCLUSION

For the foregoing reasons, plaintiffs are not entitled to any recovery against defendant. The Clerk of Court is directed to enter judgment for defendant and to close the file in this action.

---

[1] Based on this determination, the Court need not detail the testimony concerning the nature and extent of any injuries plaintiffs allegedly sustained in the accident, or decide whether plaintiffs sustained "serious injury" under New York law. See N.Y. Ins. Law §§ 5102, 5104.

SO ORDERED.

                                                                                  LEONARD D. WEXLER
                                                                                  UNITED STATES DISTRICT JUDGE

Dated:  Central Islip, New York
          August 16, 2005